BLUE RIDGE MEMORIAL PARK, INC., A CORPORATION, AND CITY OF LENOIR, A MUNICIPAL CORPORATION, v. UNION NATIONAL BANK, INC., A BANKING CORPORATION, AND V. H. BLACKWELDER, M.D., EUGENE ESTES, JAMES BARGER, R. C. POWELL, FRANK L. SMITH, SR., JAMES H. HUGGINS, P. P. YATES, W. D. TUTTLE, J. F. PARLIER, W. SCOTT BRAWLEY, L. P. McKINNEY AND COIT BARBER, FOR THEMSELVES AND ON BEHALF OF ANY OTHER AND ALL OTHER LOT PURCHASERS OF PLAINTIFF, WHO MAY CARE TO COME IN AND MAKE THEMSELVES PARTIES.

(Filed 15 April, 1953.)

1. Contracts § 8—

Parties to a contract are conclusively presumed to have executed the agreement with full knowledge of the existing statute law.

2. Cemeteries § 1—Cemetery may sell land to municipality upon its agreement to assume obligation of perpetual care of lots.

A cemetery sold its property to a municipality by contract under which the city assumed all obligations of the cemetery in connection with maintenance of the cemetery and perpetual care of the lots. The sale price was a stipulated amount, less the amount of the trust fund set up by the cemetery for perpetual care of lots. The cemetery had sold interment rights in several lots with agreement for perpetual care under the statute and also subject to G.S. 65-29. *Held:* The contract of sale to the city complied with provisions of the statutes, G.S. 65-26, G.S. 65-29, and upon completion of the sale the cemetery is entitled to order that the trustee turn over to it the amount in the trust fund.

. APPEAL by plaintiff from *Rudisill, J.,* at November-December Term, 1952, of CALDWELL.

Civil action under the Declaratory Judgment Act (G.S. 1-253 *et seq.*), to determine questions which have arisen in connection with the sale by the plaintiff, a perpetual care cemetery corporation, of its property to the City of Lenoir, heard below on waiver of jury trial and agreed statement of facts.

These in substance are the facts agreed :

1. The plaintiff, Blue Ridge Memorial Park, Inc., being the owner of about 20 acres of land near the City of Lenoir, subdivided the land into cemetery lots and established what is known as Blue Ridge Memorial Park, and has sold interment rights in many of the lots and executed certificates or deeds therefor, and has set up a trust fund for the perpetual care of the cemetery lots sold, consisting of an original amount of $5,000 plus $4 per grave space for the lots conveyed, as provided by G.S. 65-26.

2. A trust agreement was executed between the plaintiff and defendant, Union National Bank, as trustee, setting up a permanent trust fund for the care of lots or grave spaces sold in the cemetery. The trust agreement was executed under the provisions of Chapter 644, Sec. 6, Session Laws of 1943, now codified as G.S. 65-18 through 65-36. The amount deposited in the trust fund, including the initial deposit of $5,000, is approximately $11,456.

3. The plaintiff cemetery corporation has entered into a written contract with the City of Lenoir to sell to it the cemetery property, and the City has agreed, as provided by G.S. 65-29, to assume the maintenance thereof as a part of the consideration to be paid for the property.

4. The contract between the cemetery corporation and the City recites that the cash consideration to be paid by the City is $27,500, "less the present value of the perpetual care fund now on deposit at Union National Bank . . ., also less any cash balance remaining in any bank or otherwise, after the payment of taxes and other indebtedness the corporation may now owe, . . ."

5. The defendant, Union National Bank, as Trustee, has been advised of the proposed sale and has been requested to turn over to the plaintiff, or to the City of Lenoir as Assignee of the plaintiff, the amount of the trust fund held by the Bank, as provided by G.S. 65-29. The Bank has refused to so release the fund.

6. None of the contracts executed by purchasers of grave space specifically authorized Blue Ridge Memorial Park, Inc., to retain, for its own use, any amount accumulated in such perpetual care fund from the sale of lots, if the corporation should sell the cemetery property to a municipality which assumed, in writing, all obligations of such cemetery in connection with the maintenance thereof. However, the contracts with the

lot purchasers contained this recital: "This contract subject to Public Laws, North Carolina Session 1943, relative to perpetual care fund providing for minimum of $4.00 per grave, on lots covered by this contract, payable as provided in said Act *and subject also to the General Statutes of North Carolina, Section 65-29."* (Italics added.)

The trial court made conclusions of law as follows:

(a) That "the City of Lenoir has authority under the law to purchase the Blue Ridge Memorial Park cemetery and assume its upkeep and the perpetual care of the several lots already sold and conveyed, provided all statutory requirements are met."

(b) ". . . that the requirements of G.S. 65-29 were not met by a mere reference to the statute in the sales agreement, that it was necessary that such possibility should have been inserted in the contract so that each purchaser would be put on notice that the cemetery might be sold to a municipality and if so the trust fund set up would be turned over to the Blue Ridge Memorial Park, Inc., and that the contract failing so to provide fails to meet the requirements of the statute."

(c) ". . . that the Blue Ridge Memorial Park, Inc. is not entitled to the possession of the trust fund now held by Union National Bank until it obtains the consent of all the holders of interment rights in the cemetery lots sold to allow the trust fund to be turned over to it."

The court entered judgment adjudging "that the Blue Ridge Memorial Park, Inc. is not now entitled to retain for its own any amount accumulated in such perpetual care trust fund now held by Union National Bank as Trustee."

The plaintiff excepted and appealed.

*L. H. Wall for plaintiffs, appellants.*
*Williams & Whisnant for defendants, appellees.*

JOHNSON, J.   G.S. 65-26 requires, in connection with the operation of a private cemetery offering perpetual care service, that a trust fund shall be set up and maintained as security for the performance of the obligations of perpetual care.

G.S. 65-29 provides: "In event of the voluntary purchase by any city or town of a cemetery providing perpetual care of lots under this article, it shall be lawful for the cemetery to provide in its agreement with purchasers that in event of the voluntary purchase by such municipality of such cemetery property, such cemetery may retain for its own any amount accumulated in such perpetual care fund on sale of lots made subsequent to the ratification of this article: Provided, such municipality purchasing and accepting a conveyance of said cemetery property shall, as part consideration for making by such cemetery of said conveyance, assume in

writing all obligations of such cemetery in connection with the maintenance thereof."

In the case at hand the City of Lenoir by its contract with the plaintiff has effectively assumed all obligations of the plaintiff in connection with the maintenance of the cemetery and perpetual care of the lots. The contract is in substantial compliance with the requirements of the foregoing statute.

The cash consideration which the City is paying the cemetery corporation is $27,500, less the amount of the trust fund and other unaudited items. Therefore, in effect the trust fund is being transferred to the City, and the obligation of the City to perform the perpetual care obligations of the cemetery corporation is being substituted in place of the security provided by the perpetual care fund. This arrangement has the sanction of the statute, G.S. 65-29.

The court below in declining to release the trust fund rested decision on the fact that the contracts between the cemetery corporation and the purchasers of lots do not contain the specific recital that the cemetery corporation may reclaim the trust fund on sale of the property to a municipality. However, it is noted that each of these contracts between the cemetery corporation and the purchasers of lots recites that it is made "subject also to the General Statutes of North Carolina, Section 65-29." This recital is sufficient compliance with the provisions of the statute.

As we have seen, the statute law of the state expressly permits a city or town to purchase and take over the property of a private, perpetual care cemetery corporation and assume all the obligations of the corporation as to maintenance and perpetual care. The statute law further provides in effect that the undertaking of the municipality to provide perpetual care may be substituted for the trust fund, and that this fund may be released to the cemetery corporation when the municipality assumes the obligation of perpetual care.

In the case at hand the holders of interment rights are conclusively presumed to have dealt with the plaintiff corporation with full knowledge of the existence of this statute law.

A study of the record impels the conclusion that the plaintiff corporation and the City of Lenoir have complied with the requirements of the controlling statutes, and the plaintiff is therefore entitled to the trust fund held by the defendant bank. It necessarily follows that the court below erred in refusing to require the Bank to pay over to the plaintiff the amount of the fund.

The case will be remanded for the entry of judgment in conformity with this opinion.

Reversed and remanded.